UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:16CR119-PPS |
| | ) | and |
| LEROY ROBINSON, | ) | No. 2:20CV253-PPS |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Leroy Robinson is a six time felon including a couple of armed robberies and some drug offenses. In 2016, Robinson twice sold crack cocaine to an informant, and a search of his apartment led to the recovery of two firearms, one of which had an obliterated serial number. He was later charged in a three-count indictment with two drug counts, and one count of being a felon in possession of firearms in violation of 18 U.S.C. §922(g)(1). On January 4, 2017, Robinson entered a plea of guilty to the gun charge. [DE 14, 15.] Robinson was sentenced on April 7, 2017 to a term of 70 months in prison, to be followed by a 1-year period of supervised release [DE 23, 24.] No direct appeal was taken. Robinson has now filed a Motion to Vacate Judgment citing 28 U.S.C. §2255. [DE 28.]

The single ground Robinson presents for relief from his conviction is premised on the Supreme Court's ruling in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). The court held in *Rehaif* that one element of a violation of §922(g)(1) is the defendant's knowledge

that he belonged to a category of persons barred under the statute from possessing a firearm. *Id.* at 2196. The applicable category in Robinson's case is that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

Robinson argues that his guilty plea must be vacated as unknowing and unintelligent because "no one understood the essential elements of the offense, rendering his guilty plea unknowing and unintelligent." [DE 28 at 1.] Robinson refers to this as a "structural error." [*Id.*] He contends that *Rehaif* voids his guilty plea because it was accepted without Robinson being advised of the knowledge requirement. [*Id.* at 3.] Structural error is a concept usually encountered in the context of plain-error review of issues raised for the first time on direct appeal. It is true, as Robinson points out, that the Fourth Circuit has held that a *Rehaif* error is a structural one in the context of cases pending on direct appeal when *Rehaif* was decided. *United States v. Gary*, 954 F.3d 194, 205 (4th Cir.), cert. pending, No. 20-444. But this case involves a *Rehaif* challenge in a collateral attack under §2255. And in any event, even if this case were not a collateral challenge, the Seventh Circuit has disagreed with the Fourth Circuit and has held that "omission of the *Rehaif* element is not a structural error." *United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020), citing *United States v. Maez*, 960 F.3d 949, 957-58 (7th Cir. 2020).

Because this case is before me under §2255, Robinson faces the ordinary procedural hurdles applicable to collateral review. For starters, the Supreme Court has held that "the voluntariness and intelligence of a guilty plea can be attacked on

2

collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Robinson did not take a direct appeal of his conviction and sentence. His argument challenging his guilty plea is therefore procedurally defaulted. This bar to consideration of the argument can be overcome either by a showing of "cause" and "prejudice," or by a demonstration that Robinson is "actually innocent." *Bousley*, 523 U.S. at 622, quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986).

To demonstrate prejudice in the context of this guilty plea argument, Robinson must show that, but for the lack of information about the knowledge element, he would not have pleaded guilty and would have insisted on going to trial. *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018); *see also United States v. Dowthard*, 948 F.3d 814, 817-18 (7th Cir. 2020), quoting *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020). Robinson is unable to make a credible show of prejudice, and in fact does not try, since he believes he should receive relief without a further showing due to a "structural" error. He does not show that "his erroneous understanding of the elements of §922(g)" caused him to plead guilty when he would not otherwise have done so. *Williams*, 946 F.3d at 970.

Even where the indictment did not allege that Robinson knew he was a convicted felon at the time he possessed the firearms, I can consider whether evidence in the record establishes the knowledge element set forth in *Rehaif*. *United States v. Maez*, 960 F.3d 949, 960 (7th Cir. 2020); *Williams*, 946 F.3d at 973-74. Robinson can't realistically contend that he was unaware he was a convicted felon. In the context of a "plain error"

3

analysis, the Seventh Circuit has noted that a "§922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights." *Williams*, 946 F.3d at 974. Robinson nowhere disputes that he *was* a convicted felon or that he was aware that he was.  Nor does he dispute having committed the numerous felonies listed in the Presentence Investigation Report or being aware that those convictions were punishable by more than a year in prison.  To contend otherwise would not be plausible in view of the prison sentences Robinson had previously received.

As noted at the outset, the record before me reflects that Robinson had at least 6 felony convictions in his past – 2 armed robberies with sentences of 8 years and 10 years; 2 separate offenses of possession of controlled substance with 3-year and 2-year sentences; a theft case with a 2-year sentence; and an aggravated fleeing case with a 30-month sentence.  [PSR, DE 19 at ¶¶26, 27, 28, 29, 30, 31.]  The "sheer number of his other convictions...impair[s] an ignorance argument," and I "see nothing in the record to imply that *Rehaif* offered anything to [Robinson] that would have prompted him to risk a longer sentence by going to trial." *Dowthard*, 948 F.3d at 818.  Robinson's record of priors clearly indicates that it would have been pointless to go to trial and attempt to persuade a jury that the government failed to prove he knew he was a convicted felon. In sum, Robinson is unable to demonstrate the prejudice required to overcome his procedural default.

Actual innocence does not get Robinson over the procedural bar either. The Supreme Court made clear "that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In the present context, that would mean a showing that Robinson did not in fact know that he was a convicted felon. As I've already explained in the discussion of "prejudice," Robinson can't demonstrate that he did not know he was a convicted felon many times over. Procedural default precludes relief on Robinson's claim of error in his guilty plea based on *Rehaif*.

In his reply, Robinson shifts gears on his *Rehaif*-based argument. In his original motion Robinson argued that the error entitling him to relief was the failure to advise him of the essential elements at the time of his plea. [DE 28 at 3-4.] After the government's successful response to that argument, Robinson argues in his reply brief that *Rehaif* demonstrates a reversible error in his indictment, because the government did not expressly charge as an element of the offense Robinson's knowledge of his prohibited status as a prior felon. [DE 32 at 1-2.] An argument raised for the first time in reply is waived and cannot be the basis for relief. *Payne*, 964 F.3d at 657; *Thorncreek Apartments III, LLC v. Mick,* 886 F.3d 626, 636 (7th Cir. 2018). In any event, the argument does not carry the day for Robinson. The omission of the element from the indictment is also not a structural error. *Maez*, 960 F.3d at 958. And among the requirements for reversal based even on "a *preserved* challenge to the indictment" is a showing of prejudice, which I have already concluded Robinson cannot and does not make. *Id*. (emphasis in original).

In view of this analysis defeating Robinson's claim, I don't need to address questions of the timeliness of his §2255 motion or the *Rehaif* decision's retroactivity, both of which I have presumed in Robinson's favor. Because I find that Leroy Robinson has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists could not debate the reasoning for rejecting his motion under §2255, I will deny a certificate of appealability. 28 U.S.C. §2253(c)(2); *Welch v. United States*, 136 S.Ct. 1257, 1263 (2016). If Robinson wishes to appeal this Opinion and Order denying his §2255 motion, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

**ACCORDINGLY:**

Leroy Robinson's Motion to Vacate Judgment under 28 U.S.C. §2255 is DENIED, and a motion for certificate of appealability is also DENIED.

The Clerk shall enter judgment against Robinson and in favor of the United States.

**SO ORDERED**.

ENTERED: November 18, 2020.

                                             /s/ Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT